# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEVEN ALLEN OWENS, SR.,**

       **Plaintiff,**

v.                                                                                        **Case No: 6:16-cv-1778-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

___

## MEMORANDUM OF DECISION

Steven Allen Owens, Sr. (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits. Doc. 1. Claimant raises a number of arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 14 at 15-17, 21-26, 30-32, 35. The Commissioner argues that the ALJ's final decision is supported by substantial evidence and should be affirmed. *Id*. at 35. The Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for the reasons discussed below.

## I.    PROCEDURAL HISTORY.

Claimant filed an application for a period of disability and disability insurance benefits in June 2010, alleging that he became disabled on May 29, 2009. R. 59. An ALJ entered a decision denying that application in October 2011, and the Appeals Council denied review in October 2012. R. 59-67, 71-73. Claimant did not appeal this denial to federal court.

Claimant filed the operative application for a period of disability and disability insurance benefits (DIB) in December 2012, again alleging that he became disabled on May 29, 2009. R.

178-82.  Claimant subsequently amended his alleged onset date to October 20, 2011.  R. 217.  Claimant's application was denied on initial review, and on reconsideration.  The matter then proceeded before an ALJ.  The ALJ held a hearing on February 11, 2015, at which Claimant and his representative appeared.  R. 34-55.  The ALJ entered her decision on March 25, 2015, and the Appeals Council denied review on August 10, 2016.  R. 1-4, 24-31.  This appeal followed.

## II.  THE ALJ'S DECISION.

The ALJ found that Claimant suffered from the following severe impairments through his date last insured: disorders of the spine; and obesity.  R. 26.  The ALJ also found that Claimant suffered from the following non-severe impairments through his date last insured: bowel issues; and fibromyalgia.  R. 26-27.  The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment.  R. 27.

The ALJ found that Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] through the date last insured, with the following specific limitations:

> [N]o more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  The claimant could never climb ladders, ropes, or scaffolds and needs to avoid even moderate exposure to hazards, machinery, and heights.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

R. 27. The ALJ, in light of this RFC, found that Claimant was able to perform his past relevant work as a retail store manager. R. 30-31.[2] Thus, the ALJ concluded that Claimant was not disabled between the alleged onset date, October 20, 2011, and his date last insured, March 31, 2014. R. 31.

III. **STANDARD OF REVIEW**.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV. **ANALYSIS**.

Claimant raises three assignments of error: 1) the ALJ failed to consider Claimant's diagnoses of myofascial pain syndrome and complex regional pain syndrome; 2) the ALJ failed to include or account for limitations caused by Claimant's diarrhea and constipation; and 3) the ALJ

---

[2] The ALJ elected not to proceed to step five of the sequential evaluation process. *See* R. 31.

-3-

erred by assigning little weight to the opinion of Claimant's treating physician, Dr. Theodore Brooks. Doc. 14 at 15-17, 21-26, 30-32. The Court finds that Claimant's third assignment of error is dispositive, and thus will address that assignment of error first.

Claimant argues that the ALJ erred by failing to state the weight she assigned to Dr. Brooks' January 25, 2013 opinion. Doc. 14 at 23. Further, Claimant argues that to the extent the ALJ rejected that opinion, the ALJ's reasons for doing so do not support the ALJ's decision to reject Dr. Brooks' opinion. *Id.* at 23-25.

The Commissioner argues that while the ALJ did not state the weight she assigned to Dr. Brooks' January 25, 2013 opinion, it is clear that the ALJ gave little weight to that opinion. *Id.* at 28. Further, the Commissioner argues that the ALJ articulated good cause for assigning that opinion little weight, and that her reasons for doing so are supported by substantial evidence. *Id.* at 28-29.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c).

The consideration and weighing of medical opinions is an integral part in determining the claimant's RFC. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179. The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant treated with Dr. Brooks, a family physician, prior to and throughout the relevant period. Claimant routinely complained of chronic back pain. R. 414, 417-18, 420, 423-24, 539, 558. Dr. Brooks' physical examinations of Claimant routinely revealed reduced range of motion, painful movements, and restricted flexion and extension in Claimant's spine, as well as tenderness over Claimant's thoracic and lumbar spine. R. 414, 417-18, 421, 423-24, 539, 558. Dr. Brooks diagnosed Claimant with mid and lower back pain. R. 414, 417-18, 421, 423-24, 539, 559. Claimant has undergone various treatments to relieve or resolve his back impairments, including physical therapy, pool therapy, and injections, but, according to Claimant, those treatments have not been helpful. R. 423.

Dr. Brooks completed a "Residual Functional Capacity Questionnaire" on January 25, 2013. R. 535-36. Dr. Brooks diagnosed Claimant with "chronic back pain," and opined that Claimant's prognosis was poor. R. 535. Dr. Brooks opined that Claimant can occasionally lift

less than 10 pounds, sit for 10 minutes at a time, sit for a total of 4 hours in an 8-hour workday, stand/walk for 10 minutes at a time, and stand/walk for a total of 2 hours in an 8-hour workday. R. 535-36. Dr. Brooks opined that Claimant cannot reach with his arms, and can only handle and manipulate objects for 10% of an 8-hour workday. R. 536. Further, Dr. Brooks opined that Claimant will need the ability to shift to different positions (sitting/standing/walking) at will, will need hourly breaks lasting between 10 and 15 minutes, and will miss more than 4 days of work each month due to his back impairments. R. 535-36.

The ALJ discussed the foregoing opinion, but did not state the weight she assigned to that opinion. *See* R. 29. It appears, though, that the ALJ assigned that opinion less than controlling weight, explaining:

> The previous [ALJ] noted that similar statements from Dr. Brooks [were] not supported by the record, and I do not see any new evidence that now supports these limits. Even Dr. Brooks noted that the claimant's MRI's "ALL SHOWED DJD ONLY" (Exhibit B-12F/7). Overall, the assessed limitation appear to be over-stated in an attempt to advocate for the claimant. For example, Dr. Brooks reported the claimant is unable to stand, walk or sit for any amount of time (Exhibit B-12F/31), which is inconsistent with the claimant's testimony that he does walk (with an assistive device), as well as the claimant's demonstrated ability to sit during the hearing. Recent treatment records from Dr. Brooks have been minimal, as that claimant moved to Florida two years ago. If the claimant were suffering to the extent noted by Dr. Brooks then I would expect that he would insist that the claimant pursue more regular, or perhaps alternative treatment.

*Id*. Thus, the ALJ apparently assigned Dr. Brooks' opinion less than controlling weight because: 1) there was no new evidence since the denial of Claimant's previous DIB application to support Dr. Brooks' opinion; 2) it appeared that Dr. Brooks overstated Claimant's limitations in order to strengthen Claimant's case for disability benefits; and 3) Claimant has not recently sought or received the type of treatment one would expect him to receive given the nature of Dr. Brooks' opinion. *Id*.

The ALJ, as previously mentioned, did not expressly state the weight she assigned to Dr. Brooks' opinion. While the failure to do so is technically an error, it is clear that the ALJ assigned Dr. Brooks' opinion less than controlling weight. Therefore, under the circumstances of this particular case, the Court finds the error is harmless. Thus, the Court will consider whether the ALJ articulated good cause to assign Dr. Brooks' opinion less than controlling weight.

The ALJ found there was no new evidence since the denial of Claimant's previous DIB application to support Dr. Brooks' opinion. R. 29. The record contains the prior disability decision, which was rendered in October 2011. R. 59-67. The ALJ who rendered that decision considered an opinion from Dr. Brooks, R. 65, which is not in the record before the Court. The ALJ, though, provided the following description of the opinion:

> Dr. Brooks opined that the claimant's chronic myofascial pain syndrome renders him unable to work for forty-hours per week and limits him to approximately ten hours per week in a fragmented fashion (Exhibit 10F, p. 1). Specifically, Dr. Brooks opined that the claimant could sit for one to two hours and stand and walk for less than one hour in an eight-hour day; that he could occasionally lift up to ten pounds and rarely lift up to twenty pounds; that he would require frequent unscheduled breaks of fifteen to thirty minutes to lie down; that he must be allowed to alternate between sitting and standing at will; and that he cannot bend, kneel, squat, climb, stand, walk, sit, reach or drive (Exhibit 4F, p. 38, 10F, pp. 1-2 and 13F, pp. 1-6).

R. 65-66. The ALJ assigned Dr. Brooks' opinion little weight because "it professes a propound degree of limitation that is not supported by the medical evidence of record" and it "directly conflicts with the in-depth functional capacity evaluation, which showed much greater functioning than Dr. Brooks described." R. 66.

The ALJ found that the record did not contain any evidence post-dating the denial of Claimant's previous DIB application that supported Dr. Brooks' opinion. R. 29. Thus, the ALJ essentially followed the prior ALJ's decision, and found that Dr. Brooks' opinion was not entitled to controlling weight. *Id*. This finding, however, is conclusory, because the ALJ does not explain

how the evidence post-dating the denial of Claimant's previous DIB application does not support Dr. Brooks' opinion. *See id.*[3] To the contrary, the record contains evidence post-dating the denial of Claimant's previous DIB application that seemingly supports Dr. Brooks' opinion, including Dr. Brooks' treatment records, which routinely revealed reduced range of motion, painful movements, and restricted flexion and extension in Claimant's spine, as well as tenderness over Claimant's thoracic and lumbar spine. R. 414, 417-18, 421, 423-24, 539, 558.[4] Therefore, the Court finds that the ALJ's first reason for assigning Dr. Brooks' opinion less than controlling weight is not supported by substantial evidence.

The ALJ next found that Dr. Brooks' overstated Claimant's limitations in order to strengthen Claimant's case for disability benefits. R. 29. In support, the ALJ pointed to an opinion from Dr. Brooks that is not at issue, stating that "Dr. Brooks reported the claimant is unable to stand, walk or sit for any amount of time (Exhibit B-12F/31), which is inconsistent with the claimant's testimony that he does walk (with an assistive device), as well as the claimant's demonstrated ability to sit during the hearing." R. 29. This evidence does not support the ALJ's determination that Dr. Brooks' overstated Claimant's limitations. The ALJ points to an opinion from Dr. Brooks that both predates and contains more severe limitations than the opinion at issue.

---

[3] The ALJ does cite to a treatment record from Dr. Brooks indicating that Claimant's MRI showed that he was only suffering from degenerative joint disease. R. 29 (citing R. 418). This evidence, however, does not undermine Dr. Brooks' opinion, as it does not speak to the severity of Claimant's degenerative joint disease. Thus, this evidence does not support the ALJ's determination.

[4] The Commissioner attempts to provide the explanation lacking in the ALJ's decision by highlighting portions of the medical record that she – not the ALJ – maintains supports the ALJ's determination, including the lack of functional limitations in Dr. Brooks' treatment record. Doc. 14 at 28. The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

R. 442. Specifically, the opinion the ALJ relies on states that Claimant is unable to sit, stand, or walk. *Id*. The opinion at issue, on the other hand, states that Claimant can sit for 10 minutes at a time, sit for a total of 4 hours in an 8-hour workday, stand/walk for 10 minutes at a time, and stand/walk for a total of 2 hours in an 8-hour workday. R. 535. These limitations are less severe than those contained in the opinion the ALJ relies on, *compare* R. 442 *with* R. 535, and are not necessarily inconsistent with Claimant's testimony concerning his ability to walk, or his demonstrated ability to sit during the hearing. Therefore, the Court finds that the ALJ's second reason for assigning Dr. Brooks' opinion less than controlling weight is not supported by substantial evidence.

The ALJ next found that Claimant has not recently sought or received the type of treatment one would expect him to receive given the nature of Dr. Brooks' opinion. R. 29. This finding apparently stems from Claimant's lack of regular treatment after he moved to Florida from New Hampshire, where he treated with Dr. Brooks. The ALJ, however, does not point to – nor does an independent review of the record reveal – any evidence that regular or alternative treatments, such as surgery, would lessen the severity of Claimant's back impairments and consequent limitations. The record, instead, reveals that Claimant does not seek treatment in Florida because he travels to New Hampshire to treat with Dr. Brooks since that treatment is covered by a workers compensation settlement that Claimant obtained in New Hampshire. R. 40. Thus, the frequency of Claimant's treatment appears to be related to his ability to obtain free treatment, and not evidence that his impairments are not as severe as Dr. Brooks' opinion suggests. Further, the record reveals that Claimant has undergone many forms of treatment for his back, such as physical therapy, pool therapy, and injections, but these treatments had little success. R. 423. There appears to be no evidence – at least no evidence highlighted by the ALJ – supporting her expectation that Dr.

Brooks would have insisted that Claimant seek regular and alternative treatment in Florida given the limitations set forth in his opinion. Therefore, the Court finds that the ALJ's third reason for assigning Dr. Brooks' opinion less than controlling weight is not supported by substantial evidence.

In summary, the Court finds that the ALJ's reasons for assigning Dr. Brooks' opinion less than controlling weight are not supported by substantial evidence. Thus, the Court finds that the ALJ did not provide good cause to assign Dr. Brooks' opinion less than controlling weight. Therefore, the Court finds that the case must be remanded for further proceedings.[5]

V. **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[5] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224